IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GENBAND US LLC, GENBAND IRELAND LTD., GENBAND CANADA ULC, AND GENBAND INTERNATIONAL HOLDING COMPANY, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:13-CV-00612 |
| COMMUNICATIONS TEST DESIGN, INC., | § § § | |
| Defendant. | § § § § | |

## ANSWER

Defendant Communications Test Design, Inc. ("CTDI"), by its undersigned attorneys, hereby answers Plaintiffs Genband US LLC, Genband Ireland, LTD., Genband Canada ULC, and Genband International Holding Company (collectively "Genband")'s Complaint Against CTDI and Application for Permanent Injunction (the "Complaint").

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into Defendant's responses to each paragraph of the Complaint.

Except as otherwise expressly alleged herein, Defendant denies each and every allegation contained in the Complaint, including without limitation any allegations contained in the preamble, headings, subheadings or footnotes of the Complaint, and specifically denies any liability to Plaintiffs.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Defendant expressly reserves the right to seek to amend and/or supplement its Answer as may be appropriate or necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

Defendant responds to the specific allegations of the Complaint in like-numbered paragraphs as follows:

## NATURE OF THE ACTION

1. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. CTDI denies the allegations in the first sentence in paragraph 2. CTDI denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3. CTDI denies the allegations in paragraph 3.

4. CTDI denies the allegations in paragraph 4.

## PARTIES

5. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. CTDI admits the allegations in paragraph 9.

## JURISDICTION AND VENUE

10. The allegations in paragraph 10 state conclusions of law to which no response is required.

11. The allegations in paragraph 11 state conclusions of law to which no response is required.

12. The allegations in paragraph 12 state conclusions of law to which no response is required.

## STATEMENT OF THE FACTS

13. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. CTDI admits the allegations in the first sentence in paragraph 19. CTDI denies the remaining allegations in paragraph 19.

20. CTDI denies the allegations in paragraph 20, except that it admits it performed services on customer DMS switching equipment.

21. CTDI denies the allegations in paragraph 21, except that it admits that the quoted language appears in the Agreement. CTDI further states that the Agreement speaks for itself.

22. CTDI denies the allegations in paragraph 22, except that it admits that the quoted language appears in the Agreement. CTDI further states that the Agreement speaks for itself.

23. CTDI denies the allegations in paragraph 23.

24. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. CTDI denies the allegations contained in the first and last sentences of paragraph 27. CTDI denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

28. CTDI denies the allegations in paragraph 28.

29. CTDI denies knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 29.

30. CTDI denies the allegations in the first sentence of paragraph 30. The remaining allegations state conclusions of law to which no response is required.

31. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except that it admits that it was invited to participate in Genband's request for quote seeking proposals to repair DMS equipment.

33. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except that it admits CTDI continued to provide Genband's DMS switch repair services for Verizon through December 2011 and for Bell Canada through March 2012.

34. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34. CTDI denies the remaining allegations of paragraph 34.

35. CTDI denies the allegations in paragraph 35, except it admits that it sought a license from Genband.

36. CTDI denies the allegations in paragraph 36, except that it admits that it proposed that the parties enter into a license agreement.

37. CTDI admits the allegations in the first sentence of paragraph 37. CTDI denies the remaining allegations of paragraph 37.

38. CTDI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. CTDI denies the allegations in paragraph 39.

40. CTDI denies the allegations in paragraph 40.

41. CTDI denies the allegations in paragraph 41.

42. CTDI denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42, except that it denies the last phrase of paragraph 42.

43. CTDI denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43, except that it denies the last sentence of paragraph 43.

44. CTDI denies the allegations in paragraph 44.

45. CTDI denies the allegations in paragraph 45.

## CLAIMS AND CAUSES OF ACTION

46. CTDI states that each of the following responses is based on and incorporates the proceeding responsive paragraphs as if fully set forth herein.

### FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

47. The allegations in paragraph 47 state conclusions of law to which no response is required.

48. CTDI denies the allegations in paragraph 48.

49. CTDI denies the allegations in paragraph 49.

50. CTDI denies the allegations in paragraph 50.

51. CTDI denies the allegations in paragraph 51.

### SECOND CLAIM FOR RELIEF: MISAPPROPRIATION OF TRADE SECRETS

52. CTDI denies the allegations in paragraph 52.

53. CTDI denies the allegations in paragraph 53.

54. CTDI denies the allegations in paragraph 54.

55. CTDI denies the allegations in paragraph 55.

56. CTDI denies the allegations in paragraph 56.

57. CTDI denies the allegations in paragraph 57.

### THIRD CLAIM FOR RELIEF:
### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

58. CTDI denies the allegations in paragraph 58.

59. CTDI denies the allegations in paragraph 59.

60. CTDI denies the allegations in paragraph 60.

61. CTDI denies the allegations in paragraph 61.

62. CTDI denies the allegations in paragraph 62.

63. CTDI denies the allegations in paragraph 63.

### FOURTH CLAIM FOR RELIEF:
### VIOLATION OF SECTION 43A) OF THE LANHAM ACT (11 U.S.C. § 1125(A))

64. CTDI denies the allegations in paragraph 64.

65. CTDI denies the allegations in paragraph 65.

66. CTDI denies the allegations in paragraph 66.

67. CTDI denies the allegations in paragraph 67.

68. CTDI denies the allegations in paragraph 68.

69. CTDI denies the allegations in paragraph 68.

70. CTDI denies the allegations in paragraph 70.

### FIFTH CLAIM FOR RELIEF: UNFAIR COMPETITION UNDER TEXAS COMMON LAW

71. CTDI denies the allegations in paragraph 71.

72. CTDI denies the allegations in paragraph 72.

73. CTDI denies the allegations in paragraph 73.

74. CTDI denies the allegations in paragraph 74.

75. CTDI denies the allegations in paragraph 75.

76. CTDI denies the allegations in paragraph 76.

### SIXTH CLAIM FOR RELIEF: CONVERSION

77. CTDI denies the allegations in paragraph 77.

78. CTDI denies the allegations in paragraph 78.

79. CTDI denies the allegations in paragraph 79.

80. CTDI denies the allegations in paragraph 80.

81. CTDI denies the allegations in paragraph 81.

### **AFFIRMATIVE AND OTHER DEFENSES**

Without undertaking any burden of proof not otherwise assigned to them by law, Defendant asserts the following affirmative and other defenses with respect to the causes of action Plaintiffs purport to assert in the Complaint:

### **FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of accord and satisfaction.

### **THIRD DEFENSE**

Plaintiffs' claims are precluded in whole or in part under the doctrine of judicial estoppel.

### **FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, acquiescence, ratification and/or estoppel.

### **FIFTH DEFENSE**

Plaintiffs cannot recover against CTDI because the losses, if any, sustained by Plaintiffs were not proximately caused by any action or inaction by CTDI, but resulted from other causes.

## SIXTH DEFENSE

If Plaintiffs sustained any of the damages alleged, such damages were caused, in whole or in part, by the conduct of persons and/or entities other than CTDI, including but not limited to Plaintiffs. In the event that CTDI is found liable for any of the damages asserted, CTDI is entitled to have its liability diminished in proportion to the damages attributable to the conduct of such persons and/or entities other than CTDI.

## SEVENTH DEFENSE

Plaintiffs are not entitled to the relief requested in the Complaint because of their own breaches of the parties' agreements.

## EIGHTH DEFENSE

If Plaintiffs suffered any of the damages alleged, such damages should be reduced in whole or in part based on the doctrines of setoff and recoupment, due to Genband's own breaches of the parties' agreements.

## NINTH DEFENSE

Plaintiffs have failed to mitigate, minimize or avoid any losses allegedly sustained, and any recovery against CTDI must be reduced accordingly.

## TENTH DEFENSE

CTDI affirmatively raises and reserves all applicable equitable defenses.

## ELEVENTH DEFENSE

The Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available, and therefore expressly (i) reserves the right to amend and/or supplement its Answer, defenses and all other pleadings, (ii) reserves the right to (a) assert any and all additional defenses under any applicable

federal and state law in the event that discovery indicates such defenses would be appropriate, and (b) assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

**\*\*\*\*\*\*\***

**WHEREFORE**, Communication Test Design, Inc. respectfully requests that the Court (i) dismiss Plaintiffs' claims against it with prejudice; (ii) award Defendant the costs, disbursements, and attorneys' fees incurred by it in defending this action; and (iii) grant such other and further relief as it may deem just and proper.

Dated: December 9, 2013

Respectfully submitted,

*/s/ Charles W. Schwartz*
Charles W. Schwartz, Attorney-in-Charge
State Bar No. 17861300
charles.schwartz@skadden.com
Heather A. Lohman
State Bar No. 24027008
heather.lohman@skadden.com
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
1000 Louisiana, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5100
Fax: (713) 655-5200

Guy N. Harrison
State Bar No. 00000077
guy@gnhlaw.com
**LAW OFFICES OF GUY N. HARRISON**
217 North Center Street
Longview, Texas 75601
Tel.: (903) 758-7361
Fax: (903) 753-9557

*Attorneys for Defendant Communications Test Design, Inc.*

**CERTIFICATE OF SERVICE**

I, Charles W. Schwartz, counsel for Communications Test Design, Inc., do hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 9th day of December, 2013.

>   */s/ Charles W. Schwartz*
>   Charles W. Schwartz